IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEIFULLAH ABDUL-SALAAM, | : | No. 4:02-CV-2124 |
| | : | |
| Petitioner | : | Hon. John E. Jones III |
| | : | |
| v. | : | |
| | : | |
| JEFFREY BEARD, Commissioner, | : | THIS IS A CAPITAL CASE |
| Pennsylvania Department of | : | |
| Corrections; WILLIAM S. | : | |
| STICKMAN, Superintendent of the | : | |
| State Correctional Institution at Greene; | : | |
| and JOSEPH P. MAZURKIEWICZ, | : | |
| Superintendent of the State Correctional | : | |
| Institution at Rockview, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

### June 18, 2014

Before the court is Petitioner Seifullah Abdul-Salaam's motion to alter and

amend judgment pursuant to Federal Rule of Civil Procedure 59(e), seeking

reconsideration of the Court's Memorandum and Order of April 24, 2014 (Docs.

213 & 214), denying Petitioner's petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254.  (Doc. 215.)  Petitioner asks the Court to reconsider three claims

and related subclaims presented in his habeas petition or, in the alternative,

reconsider its denial of a certificate of appealability ("COA") as to those claims

and subclaims.  For the reasons that follow, the instant motion (Doc. 215) will be

denied.

## I.     BACKGROUND

The intricate facts underlying this death penalty homicide case, as well as the expansive procedural history in both the state courts and this Court, are well known to the parties and need not be restated in detail here.  (*See* Doc. 213 at 2-19, Section I, Factual and Procedural History.)  Nevertheless, as related to the instant habeas proceedings, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 25, 2003.  (Doc. 8.)  In his petition, Petitioner sought habeas corpus relief on claims relating to both the guilt and sentencing phases of his 1995 trial in the Court of Common Pleas of Cumberland County, Pennsylvania. Once the habeas petition was ripe for disposition, on April 24, 2014, the Court issued a Memorandum and Order denying habeas relief on all claims.  *Abdul-Salaam v. Beard*, ___ F. Supp. 2d ___, 2014 WL 1653208 (M.D. Pa. Apr. 24, 2014) (Docs. 213 & 214.)

Consequently, on May 21, 2014, Petitioner filed the instant motion to alter and amend judgment.  (Doc. 215.)  In his motion, Petitioner requests that the Court reconsider its denial of relief and a COA on three claims: Claim I ("Petitioner was denied due process of law in violation of the Fourteenth Amendment to the United States Constitution, when the prosecution suppressed exculpatory evidence."),

Claim IV (Petitioner's right to due process of law was violated when the Commonwealth consumed an entire blood sample that would have exculpated him. Due process was further violated by the Commonwealth's manipulation of a photo of the co-defendant so as to falsely eliminate him as the source of the blood evidence in question."), and Claim IX ("Petitioner received constitutionally ineffective assistance of counsel at capital sentencing."). (*See* Doc. 8.)   As to Claims I and IV, Petitioner asks the Court to reconsider its decision with respect to the blood evidence found on the steering wheel of the getaway vehicle, restating his argument that such blood evidence was fabricated by the Commonwealth. Petitioner also argues that the Court should have rejected the state court's findings with respect to materiality of the blood evidence, as well as the Tony Clifton evidence, with the same reasoning presented in briefing and arguments previously before the Court.  As to Claim IX, Petitioner argues that the Court erred in determining that trial counsel's deficient performance did not prejudice Petitioner because the unpresented evidence would not have affected the outcome of the penalty phase.  In doing so, Petitioner rehashes the mitigating evidence set forth in his habeas petition which the Court determined to be cumulative of trial counsel's presentation during the penalty phase.  In the alternative to reconsideration of denial of these claims, Petitioner asks the Court to reconsider its denial of a

3

certificate of appealability as to those claims.  After careful review, the Court will

deny the motion for reconsideration on both fronts.

## II.    DISCUSSION

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules

of Civil Procedure, which allows a party to move to alter or amend a judgment

within twenty-eight (28) days of entry.  FED. R. CIV. P. 59(e).  "The purpose of a

motion for reconsideration is to correct manifest errors of law or fact or to present

newly discovered evidence."  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.

1985).  A judgment may be altered or amended if the party seeking reconsideration

establishes at least one of the following grounds: (1) an intervening change in the

controlling law; (2) the availability of new evidence that was not available when

the court entered judgment; or (3) the need to correct a clear error of law or fact or

to prevent manifest injustice.  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677

(3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d

1194, 1218 (3d Cir. 1995)).  "A motion for reconsideration is not to be used as a

means to reargue matters already argued and disposed of or as an attempt to

relitigate a point of disagreement between the Court and the litigant."  *Ogden v.

Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted).

"[R]econsideration motions may not be used to raise new arguments or present

4

evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 1:05-CV-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration of judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Applying the standard used when a party seeks reconsideration, the Court concludes that Petitioner has not demonstrated any of the applicable grounds for reconsideration. Initially, the Court finds no intervening change in controlling law and no error of law or fact. Additionally, Petitioner's arguments in favor of the Court reconsidering its previous ruling do not constitute new evidence that was unavailable when the Court issued its April 24, 2014 Memorandum and Order denying habeas relief. While Petitioner may disagree with the findings and outcome, the Court finds no basis to reconsider the earlier decision denying all claims and a certificate of appealability. Accordingly, the motion for reconsideration will denied.

An appropriate Order will issue.